UNITED STATES of America,
Plaintiff-Appellee,

v.

Armando GARCIA–TURINO, Defendant-
Appellant.

Nos. 71–2192, 71–2551.

United States Court of Appeals,
Ninth Circuit.

April 14, 1972.

Rehearings Denied May 24, 1972.

J. David Franklin (argued), of Odorico, Franklin & Harris, San Diego, Cal., for defendant-appellant.

R. Michael Bruney, Asst. U. S. Atty. (argued), Stephen H. Nelson, Asst. U. S. Atty., Harry D. Steward, U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before BARNES and MERRILL, Circuit Judges, and MURPHY, District Judge.*

BARNES, Circuit Judge:

The first numbered of the above two appeals rest upon two alleged errors: first, the trial court erred in ruling that the defendant's absence from his trial was voluntary; and second, that defendant had ineffective assistance of counsel.

We find no merit in either contention. Rule 43 of the Federal Rules of Criminal Procedure provides that:

"The defendant shall be present at the arraignment, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, ex-

---

* The Honorable Thomas F. Murphy, District Judge for the Southern District of New York, sitting by designation.

cept as otherwise provided by these rules. In prosecutions for offenses not punishable by death, the defendant's voluntary absence after the trial has been commenced in his presence shall not prevent continuing the trial to and including the return of the verdict."

Here, after a hearing on January 11, 1971, and the denial of a motion to suppress evidence on that day, and after the setting of the case for trial on January 23, 1971; and after a partial day's trial during which the defendant was present with his retained counsel, the defendant, at the afternoon recess, absented himself from the courtroom about 3:15 p.m. The trial judge recessed the trial for 15 minutes, then recessed it until the following morning, properly and carefully admonishing the jury [R.T., p. 104], to the satisfaction of appellant's counsel. [R.T., p. 105] The reason for appellant's absenting himself so suddenly was deemed by those in the courtroom to have been occasioned by appellant's knowledge, for the first time, that his co-defendant Rodriguez was about to take the stand to testify for the government against appellant. [R.T., pp. 105–110]

On February 24, 1971, the trial judge found the defendant still absent and that the absence of defendant was voluntary, and so instructed the jury [R.T., p. 113, ll. 16–23], and after admonishing the jury, stated the trial would proceed, which it did. After all evidence was in, Mr. Sanchez, retained counsel for appellant, waived argument, and the jury found defendant guilty on all three counts.

Appellant, having been on bail at the time he disappeared, was then charged with bail jumping (18 U.S.C. § 3150).

The second appeal is from the conviction of this crime.

After arraignment on March 22, 1971, a jury was waived on May 3, 1971; time for trial was waived, and it was stipulated that the matter be submitted as a court trial, and that appellant Garcia, if called to testify, would testify in accordance with two letters he had written to the trial judge. [R. T., p. 126–7] The court found defendant guilty of bail jumping, and again found that his absence from his trial was voluntary—not caused by any seizure, or emergency or phone call or "any drugs or narcotics", or "any reason whatsoever why Mr. Garcia left the court room." [R.T., p. 128]. For that reason, the motion for new trial was denied.

Because appellant's letters to the judge had raised some question as to the competency of the defendant's counsel, Mr. Sanchez, the court noted that "Mr. Sanchez . . . is a very competent attorney"; and "it wasn't a complicated case."

The court then sentenced defendant to the minimum sentence required by law, five years concurrently on each count in No. 71–2192, and one year in No. 71–2551, concurrently to the five year sentence.

With these facts in mind we find no error in (1) the district court's ruling that appellant's absence was voluntary; (2) that Rule 43 of the Rules of Criminal Procedure authorized the Court to order the trial to proceed in appellant's absence; (3) that appellant had adequate and effective assistance of counsel; (4) that there was evidence defendant had jumped bail; (5) that this evidence was sufficient to convict the appellant.

Affirmed.