**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Donald Jackson ESKEW, Defendant-Appellant.**

**No. 71-2150.**

United States Court of Appeals, Ninth Circuit.

May 30, 1972.

Rehearing Denied June 20, 1972.

Ralph Nunez (argued), Fresno, Cal., for defendant-appellant.

William R. Allen, Asst. U. S. Atty. (argued), Dwayne Keyes, U. S. Atty., Fresno, Cal., for plaintiff-appellee.

Before BROWNING and TRASK, Circuit Judges, and FERGUSON,* District Judge.

PER CURIAM:

This is an appeal from a judgment of conviction for violation of 18 U.S.C. § 2113(a). We affirm.

■ After the fourth day of a jury trial, the appellant, who was on bond, failed to appear. The trial court recessed for seven days. When the appellant was still absent, the court held an evidentiary hearing as to whether the trial should continue pursuant to Rule 43 of the Federal Rules of Criminal Procedure. After that hearing, the court determined that the appellant's absence was voluntary and ordered the trial to proceed. We have not been shown that the absence was involuntary. The procedure followed by the trial court meets the requirements of this court, which most recently were set forth in United States v. Garcia-Turino, 458 F.2d 1345 (9th Cir., April 14, 1972).

Appellant claims further:

1. The trial court did not admonish the jurors not to read or listen to any matters connected with the trial.

2. The appellant was denied effective use of counsel.

3. The trial court erred in refusing to permit appellant's inspection of two F. B.I. reports.

4. The petit jury selection did not comply with 28 U.S.C. § 1861 et seq.

■ With reference to the admonition, the trial court periodically admonished the jury:

"During the recesses I will ask you not to discuss the case amongst yourselves or anyone purporting to know any of the facts about the case, and, of course, you are not to form or express an opinion as to the guilt or innocence of the accused until the case has finally been submitted to you."

It did not specifically admonish them to refrain from reading newspaper articles or listening to any publicity concerning the trial. However, at no time has appellant made a showing that there was any such publicity.

■ The ineffective assistance of counsel argument is contrary to a record which reveals a vigorous and competent retained defense counsel.

■ The two government documents to which defense counsel were denied access were studied *in camera* by the district court and this court. They are not related to any aspect of the alleged offense, but merely to attempts to locate the appellant after a warrant for his arrest had been issued.

In regard to the jury selection system, there is nothing in the record to show that the jury panels at the date of the trial did not come from the latest registration lists in each county of the district.

■ The plan of the district permits all persons over 70 and all women who have children under 12 years to age to voluntarily excuse themselves from jury duty. Appellant contends that such voluntary exclusion violates the provisions of the Jury Selection and Service Act of 1968 (28 U.S.C. § 1861 et seq.). We cannot say that persons over 70 years of age or women with small children should not be permitted to voluntarily excuse themselves, when in their judgment the requirement to serve on jury duty would entail undue hardship or extreme inconvenience.

The judgment is affirmed.

---

* Hon. Warren J. Ferguson, United States District Judge, Central District of California sitting by designation.