469 F.2d 278
 UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Jackson ESKEW and Resolute Insurance Co., Defendants-Appellants.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Jackson ESKEW and Albert Ramirez, dba Albert's Bails
Bonds, Defendants-Appellants.
 Nos. 71-2461, 71-2955.
 United States Court of Appeals,
Ninth Circuit.
 Nov. 1, 1972.
 
 Michael K. Fox, of McCormick, Barstow, Sheppard, Coyle & Best, Ralph Nunez, of Lopez & Nunez, Fresno, Cal., for defendants-appellants.
 Dwayne Keyes, U. S. Atty., William R. Allen, Richard V. Boulger, Asst. U. S. Attys., Fresno, Cal., for plaintiff-appellee.
 Before DUNIWAY and WRIGHT, Circuit Judges, and PREGERSON, District Judge.*
 PER CURIAM:
 
 
 1
 Eskew's two bail bonds totaling $15,000.00 were forfeited because he failed to appear on the fifth day of his criminal trial in the District Court. The bonds were executed by Ramirez, a bail bondsman, on behalf of Resolute Insurance Co., the surety. These cases arise out of the bond forfeitures. The appeals of Eskew and Resolute were pursued, and will be discussed, separately. We affirm each judgment.
 
 I. The Eskew Appeal
 
 2
 Eskew asserts that under 18 U.S.C. Sec. 3146(c) the trial judge erred by failing to inform him that his nonappearance would result in forfeiture of his bail. Eskew's reliance on Sec. 3146(c) is misplaced. Section 3146(c), which requires a judicial officer to inform a person of the penalties for violation of the conditions of release, "refer[s] to special conditions authorized by [18 U.S.C.] Sec. 3146(a) such as placing restrictions with respect to travel, association, custody and supervision." United States v. DePugh, 434 F.2d 548, 552 (8th Cir. 1970), cert. denied 401 U.S. 978, 91 S.Ct. 1208, 28 L.Ed.2d 328 (1971).[1]
 
 
 3
 Eskew next asserts that the trial judge improperly decided the question whether his absence was willful. This contention was previously considered and rejected in the direct appeal of Eskew's criminal convictions, United States v. Eskew, 460 F.2d 1028 (9th Cir. 1972). We decline to reconsider that claim.
 
 II. The Resolute Appeal
 
 4
 To meet the $15,000.00 bail set for Eskew's release, Ramirez, the bail bondsman, executed two separate court appearance bonds totaling $15,000.00 and presented them to the Clerk of the District Court on December 5, 1969. Bail power of attorney "Z No. 48381," which limited Ramirez's authority to $12,500.00, was attached to a bond for $12,500.00. This power was executed by Resolute on November 11, 1968 and was to expire "unless used before December 31, 1969." A separate bail power of attorney "Z No. 63938," which limited Ramirez's authority to $6,600.00, was attached to a second bond for $2,500.00. This power was executed by Resolute on June 23, 1969 and was to expire "unless used before June 30, 1970."
 
 
 5
 Resolute says that Ramirez's actual authority was limited to $12,500.00 and asks that "so much of the judgment [of forfeiture] * * * as exceeds $12,500.00 be reversed." To support its position, Resolute argues that "the language of limitation [of authority] contained in the power of attorney was sufficient to create a duty of inquiry on the part of the clerk of the Court * * * to ascertain the true extent of the bondsman's authority." We disagree.
 
 
 6
 Two separate and distinct powers of attorney-each valid on its face-were presented by Ramirez to the clerk. Each power stated: "Separate power-of-attorney must be attached to each bond executed." Neither power of attorney said that it could not be used in combination with another separate and distinct power executed by Resolute.
 
 
 7
 The terms of the two separate, distinct, and valid powers were not sufficient to alert the clerk that the bondsman might be exceeding his authority. The clerk's belief in Ramirez's authority to execute two separate bonds totaling $15,000.00 was reasonable.
 
 
 8
 Accordingly, we affirm.
 
 
 
 *
 Honorable Harry Pregerson, United States District Judge, Central District of California, sitting by designation
 
 
 [1]
 Eskew does not contend that he did not have actual notice that his failure to appear would result in forfeiture of his bail bonds. It is clear from the appearance bonds signed by Eskew that he had such notice. Each bond provides: "The condition of this bond is that defendant is to appear in the United States District Court * * * if the defendant fails to perform this condition, payment of the amount of the bond shall be due forthwith."