**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Larry M. CREWS, Defendant-Appellant.**

**No. 81–7584**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Jan. 10, 1983.

Robert F. Clark, Mobile, Ala., for defendant-appellant.

William R. Favre, Jr., Asst. U.S. Atty., Mobile, Ala., for plaintiff-appellee.

Before TJOFLAT, JOHNSON and HATCHETT, Circuit Judges.

PER CURIAM:

Appellant, Larry M. Crews, was convicted in the district court of unlawfully taking the vessel AMY MICHELLE, in violation of 18 U.S.C. § 1656. Crews appeals, contending (1) that the evidence was insufficient to make out the crime charged and (2) that the district court erred in striking the jury in his absence.

Crews' first point is meritless and requires no discussion. The evidence was more than ample to support Crews' conviction. His second point must be addressed, however, especially since it is one of first impression in this circuit.

Fed.R.Crim.P. 43(a) provides:

The defendant shall be present at the arraignment, at the time of plea, at every stage of the trial *including the impaneling of the jury* and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.

(emphasis added).

Crews' case was called for trial on Monday, June 8, 1981. Crews was not present; he was hospitalized in Boise, Idaho. Crews' retained attorney, Bodiford (who subsequently was appointed by the court when Crews was declared indigent) and the prosecutor, Favre, agreed that they would proceed nevertheless to strike the jury, and, before the jury was sworn and the trial begun, seek to obtain Crews' written waiver of his rule 43(a) right to be present during that proceeding. Counsel agreed on the language of the waiver; Favre communicated it to an Assistant United States Attorney in Boise; and a waiver was typed and taken to Crews. The Assistant United States Attorney thereafter advised Favre that Crews would sign the waiver. Record, vol. 2, at 21. Meanwhile, counsel proceeded to strike the jury.

Crews actually signed the waiver, in the presence of a witness, two days later, on June 10, in Boise. The waiver was subsequently made a part of the record of the criminal proceedings in the district court. Record, vol. 1, at 41. In the waiver, Crews stated that, after the jury was struck on June 8, he discussed the matter with his attorney, Bodiford, including his rule 43 right to be present, and that "I hereby waive my right to have been present when the jury was struck and any other legal rights as to my presence for the empaneling of the stricking [sic] of said jury." *Id.*

On Monday, June 15, 1981, Crews' trial commenced. Crews was present (He had been taken into custody by the United States Marshal in Boise, Idaho, because he had violated the conditions of his bail, and brought to Mobile, Alabama, for trial. Record, vol. 1, at 47.) Shortly before the jury was sworn, Record, vol. 2, at 23, and the trial began, Crews consented to the replacement of a juror with an alternate juror, Record, vol. 2, at 8. When questioned by the court as to whether he had waived his right to be present earlier when the jury was struck, he said that he had. *Id.* at 21.

At no time during the proceedings in the district court did Crews object to being tried by a jury that had been struck in his absence. He raises the point for the first time on appeal. He contends that the rule 43(a) violation in this case requires us to vacate his conviction. Crews' argument is two-fold: first, the mere technical violation of rule 43(a) in the selection of his jury rendered his subsequent conviction void; and, second, he did not knowingly waive the violation and thus could not lawfully have been tried.

Though rule 43 is silent as to whether one charged with a felony can waive his right to be present during jury selection, we conclude that such waiver can occur, and that it occurred in this case. When, as

here, the defendant (1) is advised by his attorney concerning his rule 43(a) right to be present during the impaneling of the jury and "as to how and who is on the jury," as Crews admits he was advised in this case, Record, vol. 1, at 41; (2) informs the court, prior to the jury being sworn, that he waived his right to be present; and (3) proceeds to trial and to verdict without objection, a knowing waiver of the rule 43(a) right in question has occurred. Our conclusion is in accord with the view of the second, third and fourth circuits. *See United States v. Peterson,* 524 F.2d 167, 182–85 (4th Cir.1975), *cert. denied,* 423 U.S. 1088, 96 S.Ct. 881, 47 L.Ed.2d 99, 424 U.S. 925, 96 S.Ct. 1136, 47 L.Ed.2d 334 (1976); *Government of Virgin Islands v. Brown,* 507 F.2d 186, 187–190 (3rd Cir.1975); *United States v. Crutcher,* 405 F.2d 239, 241–44 (2d Cir. 1968), *cert. denied,* 394 U.S. 908, 89 S.Ct. 1018, 22 L.Ed.2d 219 (1969).

The judgment of conviction is accordingly AFFIRMED.