765 P.2d 1195

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Tommy L. CLEMENTS,
Defendant–Appellant.**

**No. 10473.**

Court of Appeals of New Mexico.

Oct. 18, 1988.

Certiorari Denied Nov. 22, 1988.

Jacquelyn Robins, Chief Public Defender, Linda Yen, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Hal Stratton, Atty. Gen., Margaret McLean, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

FRUMAN, Judge.

Defendant appeals his conviction and sentence for aggravated battery with the use of a firearm. His first issue is whether the trial court abused its discretion in proceeding with the trial in his absence. Because we reverse and remand upon our analysis of this issue, we need not consider the additional issues raised in defendant's docketing statement, his motion to amend that statement, and his brief-in-chief.

## BACKGROUND

When the trial commenced in Roswell, the state called two witnesses and rested. Defendant called his first witness. The trial was then recessed. When trial resumed four days later, defendant was absent. His counsel informed the court that defendant had learned the previous day that a defense witness who allegedly observed the shooting had gone to Albuquerque with a person who did not want the witness to testify; that counsel had told defendant to come to his office to get a subpoena for the witness' attendance, but defendant had not complied; and that defendant went to Albuquerque to find and bring back the witness. Counsel also stated that defendant had called his wife that morning and told her that he had located the witness, but that the witness would not return to Roswell without being subpoenaed. Defense counsel advised the court that he believed he could get defendant to return by the afternoon, and requested a continuance until the following day when his client could be present.

The court then received a tender from defendant's wife regarding the reasons for his absence. She stated that she had last seen defendant the prior evening when he left for Albuquerque to find and bring back the witness. She further testified that she had spoken to defendant that morning, that he wanted a subpoena, and that he would return to Roswell. She was awaiting his call to tell him when the subpoena would arrive in Albuquerque. After hearing the wife's testimony, the court stated that when defendant called she was to tell him to turn himself in to the authorities at the Bernalillo County Detention Center immediately and wait until he could be returned to Roswell. If defendant would comply, the court would consider continuing the trial until the following day when defendant could be returned. If he would not

comply, the court said the trial would resume in defendant's absence.

At this time, the state sought to remove a juror because of her accidental meeting with a law enforcement officer who had been a state's witness at trial. Upon hearing the officer's testimony, and over defense counsel's objection, the juror was named as an alternate, to be excused when the jury retired for deliberations.

Defendant then telephoned the court. Defense counsel answered and instructed his client to turn himself in to the detention center. Several minutes later, the court received a call from the detention center advising that defendant was there. A bench warrant was issued for defendant's detention at the center. A Chaves County deputy sheriff was available to return defendant to Roswell that afternoon.

After the court informed defendant's counsel that it would consider continuing the trial until the following day, the prosecutor advised the court that two of the state's four rebuttal witnesses might not be available the next day. One witness, from the state police crime laboratory in Santa Fe, had training appointments there the following day but said "I'd have to make a call [to] my office to see what the situation is today." The record does not indicate that the witness made the call. The prosecutor said that the other rebuttal witness was leaving Roswell the following morning for several weeks, but added that "as to what time ... I do not know." The record does not indicate whether the prosecutor and court did learn the time of the witness' departure.

Defense counsel then requested permission to depose these two witnesses to preserve their testimony for the state's rebuttal after the defense concluded with its witnesses, as opposed to allowing their testimony in his client's absence. In denying defense counsel's deposition request, the court found that because of the "compelling circumstances" regarding these two rebuttal witnesses, their testimony would be admitted that day, in defendant's absence, and if defendant returned to court the following day, he could testify at that time. The court then announced that the trial would proceed as though defendant had voluntarily absented himself, and would be extended until the next day to allow defendant to appear and testify.

The trial then resumed, but all four of the state's rebuttal witnesses testified that day in defendant's absence. Defendant did return and did testify the following day.

DISCUSSION

The central issue we address is whether the trial court abused its discretion in proceeding with the trial in defendant's absence. Given the facts and circumstances in this case, various questions emerge: Did defendant have a right to be present while the state's rebuttal witnesses testified and while one juror was replaced? If defendant had a right to be present, did he waive that right by voluntarily not attending the trial? If defendant's absence was initially voluntary, did it then become involuntary when he complied with the court's request that he be detained in custody? If defendant's absence was voluntary and unaffected by his detention, did the court err in resuming the trial during that absence? These questions are individually addressed below.

Defendant presents this court with alternative arguments. He first states that if his absence is found to be voluntary, the trial court is additionally required to either weigh a "complex of issues" or evaluate the "reasonable possibility of prejudice" to him before deciding whether to proceed in that absence. Because the trial court failed to take either additional step, argues defendant, its decision to proceed was erroneous. Secondly, defendant states that he was in custody at the moment the trial court decided to proceed, the trial court was aware of his custodial status, and because of that status, he lacked the power to waive his right to be present and could not be voluntarily absent. Because the trial court failed to recognize his "involuntary," custodial status, defendant argues, its decision to proceed was, again, erroneous. Defendant preserved these claims by his counsel's continuing objections to proceeding with trial in his absence.

The state's answer to defendant's argument is: that defendant waived his constitutional right to be present; that the state met a burden of proof that defendant's absence was voluntary and deliberate; that the court considered the additional factors of the availability of witnesses, the jury's presence and the delays in scheduling the trial; and that defendant was not absent during any critical phase of the trial.

### Right to be Present; Waiver

A defendant's right to be present during all stages of a criminal trial has its genesis in the sixth amendment's confrontation clause and the fourteenth amendment's due process clause. *See State v. Garcia*, 95 N.M. 246, 620 P.2d 1271 (1980); *State v. Corriz*, 86 N.M. 246, 522 P.2d 793 (1974); *State v. McDuffie*, 106 N.M. 120, 739 P.2d 989 (Ct.App.1987). This right has been incorporated into our rules of criminal procedure for the district courts, specifically SCRA 1986, 5–612(A), which requires the defendant's presence "at every stage of the trial."

■ Inherent in the right of an accused to be present at every stage of the trial is the right to be present to personally confront witnesses who testify against him. *See Illinois v. Allen*, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). Also inherent is the right to be present when jurors are challenged. *See State v. Garcia*.

■ The right of presence, however, is not absolute and may be waived. *See State v. Corriz.* Waiver may be occasioned by the voluntary absence of an accused, *cf. Hovey v. State*, 104 N.M. 667, 726 P.2d 344 (1986), or by his disruptive conduct. *State v. Corriz; see also* R. 5–612.

### Voluntary Absence

■ Rule 5–612(B) provides that the "progress of the trial ... shall not be prevented and the defendant shall be considered to have waived his right to be present whenever [he], initially present: (1) voluntarily absents himself after the trial has commenced." As this rule is virtually identical to Rule 43 of the Federal Rules of Criminal Procedure, we may look to judicial interpretations of the federal rules in determining its parameters. *See State v. Weddle*, 77 N.M. 420, 423 P.2d 611 (1967).

■ Defendants have been found to be voluntarily absent from trial when, either orally or in writing, they have specifically authorized their counsel and the court to proceed with the trial without them. *See Diaz v. United States*, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912); *United States v. Holyfield*, 802 F.2d 846 (6th Cir. 1986), *cert. denied*, 479 U.S. 1090, 107 S.Ct. 1298, 94 L.Ed.2d 154 (1987); *United States v. Gallo*, 763 F.2d 1504 (6th Cir.1985), *cert. denied*, 475 U.S. 1017, 106 S.Ct. 1200, 89 L.Ed.2d 314 (1986); *United States v. Crews*, 695 F.2d 519 (11th Cir.1983); *Cross v. United States*, 325 F.2d 629 (D.C.Cir. 1963); *Pearson v. United States*, 325 F.2d 625 (D.C.Cir.1963); *United States v. Switzer*, 252 F.2d 139 (2d Cir.), *cert. denied*, 357 U.S. 922, 78 S.Ct. 1363, 2 L.Ed.2d 1366 (1958).

Also, circumstances may lead to the determination that an absence is voluntary. *See United States v. Newman*, 733 F.2d 1395 (10th Cir.1984) (defendant's absence was apparently due to his voluntary use of narcotics); *United States v. Barton*, 647 F.2d 224 (2d Cir.), *cert. denied*, 454 U.S. 857, 102 S.Ct. 307, 70 L.Ed.2d 152 (1981) (defendant elected to undergo surgery one week before trial and the condition requiring surgery had been diagnosed seventeen months earlier); *United States v. Taylor*, 478 F.2d 689 (1st Cir.1973) (defendant's reason for absconding was that he was afraid his lawyer "couldn't defend me right"); *United States v. Garcia–Turino*, 458 F.2d 1345 (9th Cir.), *cert. denied*, 409 U.S. 951, 93 S.Ct. 296, 34 L.Ed.2d 222 (1972) (defendant left the courtroom when he discovered that a co-defendant would testify against him); *Gaither v. United States*, 413 F.2d 1061 (D.C.Cir.1969) (defendant had been late for the first day of trial, had been warned to be present the next day or face bail revocation, did not appear the second day, and was apprehended three weeks later).

Applying these federal decisions to the facts of this case, we conclude that defendant voluntarily absented himself from the second day of trial, and that this status attached from the time trial was set to resume and continued until the time of his detention in Albuquerque. Even so, several questions remain: (1) Did defendant's status convert to an "involuntary absence" when he entered detention and, if so, was error committed by resuming trial in his absence? (2) If detention did not alter the "voluntarily absent" status, was error committed by resuming trial in that absence?

### Involuntary Absence

■ A defendant who is in custody may waive his right to attend trial if the court determines the waiver to have been voluntarily, knowingly, and intelligently made. *See Hovey v. State; see also Cross v. United States* (defendant was in United States marshall's custody in an adjacent room when his attorney apparently indicated that the trial was to continue without him).

■ Under the facts of this case, while defendant was in custody at the detention center pursuant to the court's directive, he could not have been voluntarily absent from trial. Defendant could not voluntarily, knowingly, and intelligently waive his presence at trial while in custody, because before he went to the center, he was told that the trial would not resume without him if he did, in fact, go to the center. Furthermore, defendant's counsel did not waive his client's right to attend and sought to preserve that right.

As defendant was in custody and, in agreeing to custody, sought to preserve his right to attend trial, the court could not properly infer that, while in custody, defendant had voluntarily waived his right to be present. *See Hovey v. State.*

### Resumption of Trial

■ The state has argued that, because defendant deliberately and voluntarily absented himself from trial, the fact of his subsequent detention is not sufficient to disrupt the court's decision that defendant was voluntarily absent. A defendant who is present at the beginning of trial and voluntarily absents himself is considered to have waived his right to be present. *Taylor v. United States,* 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973); *United States v. Raper,* 676 F.2d 841 (D.C.Cir.1982). However, a defendant is not voluntarily absent when he is in custody, *Cross v. United States,* except where defendant has engaged in disruptive behavior requiring his removal from the courtroom. *See Illinois v. Allen.*

The state correctly notes that the granting of a continuance is within the sound discretion of the trial court, citing *State v. Blea,* 88 N.M. 538, 543 P.2d 831 (Ct.App. 1975). In *Blea,* however, the defendant was present at trial. The state also contends that defendant was not absent during any critical phase of the trial but does not cite to any authority for this proposition. *See In re Adoption of Doe,* 100 N.M. 764, 676 P.2d 1329 (1984). Even so, we have answered this contention in the "Right to be Present; Waiver" section of this opinion.

■ While an accused may either expressly or by implication waive his right to be present by being voluntarily absent, a trial should not proceed as a matter of course because the right to be present at one's own trial must be carefully safeguarded. Rather, a court may exercise its discretion to proceed *in absentia* only when the public interest is clearly persuasive. *United States v. Toliver,* 541 F.2d 958 (2d Cir.1976); *United States v. Tortora,* 464 F.2d 1202 (2nd Cir.), *cert. denied,* 409 U.S. 1063, 93 S.Ct. 554, 34 L.Ed.2d 516 (1972). In exercising that discretion, the trial court must examine a "complex of issues" or, as we term them, a number of relevant factors. *See United States v. Muzevsky,* 760 F.2d 83 (4th Cir. 1985); *United States v. Barton; United States v. Benavides,* 596 F.2d 137 (5th Cir. 1979); *United States v. Pastor,* 557 F.2d 930 (2d Cir.1977); *United States v. Toliver; United States v. Peterson,* 524 F.2d 167 (4th Cir.1975), *cert. denied,* 423 U.S. 1088, 96 S.Ct. 881, 47 L.Ed.2d 99 (1976); *United*

*States v. Tortora; United States v. Meinster,* 481 F.Supp. 1112 (S.D.Fla.1979).

In examining the relevant factors relating to the reasons underlying defendant's absence from the trial, the court must weigh the competing interests at stake. It must balance defendant's right of confrontation, and the possible prejudice which may ensue from his absence, against the time, expense, and inconvenience occasioned by his absence. *See United States v. Pastor; State v. Okumura,* 58 Haw. 425, 570 P.2d 848 (1977); *People v. Thompson,* 94 A.D.2d 898, 463 N.Y.S.2d 650 (1983); *People v. Parker,* 57 N.Y.2d 136, 440 N.E.2d 1313, 454 N.Y.S.2d 967 (1982). In weighing these competing interests, the courts have enunciated a number of factors which include, but are not limited to: the possibility, length, and effect of any postponement; the possibility of prejudice to any co-defendants; the inconvenience to jurors; the potential burden on the state and jeopardy to witnesses; the difficulty of rescheduling; and the relative importance of the reason for a defendant's absence.

Once the relevant factors are weighed by the trial court, its findings and decision to proceed will not be disturbed unless found to be clearly erroneous. *United States v. Pastor.* The determination of whether the decision was erroneous rests upon the question of whether any reasonable possibility of prejudice to the accused's substantive rights resulted from his absence. *United States v. Toliver; Wade v. United States,* 441 F.2d 1046 (D.C. Cir.1971); *Peterson v. United States,* 411 F.2d 1074 (8th Cir.), *cert. denied,* 371 U.S. 864, 90 S.Ct. 247, 24 L.Ed.2d 199 (1969); *Jones v. United States,* 299 F.2d 661 (10th Cir.1962). The state bears the burden of demonstrating beyond a reasonable doubt that the denial of a defendant's guaranteed right of confrontation of witnesses against him, or his presence during jury selection, if erroneous, was harmless. *See United States v. Toliver; Jones v. United States; see also Hovey v. State.*

In the case before us, the trial court did inquire as to the availability of two of the state's rebuttal witnesses for the next day. As we noted, one witness said he would have to call his office, but did not do so. The other witness was leaving town the following day, but the state was not certain when he would depart or whether the departure could be delayed. The trial court also was aware of the inconvenience to the jurors in having the trial delayed during the morning of defendant's absence and was aware of the reason for that absence. Other than these considerations, the record does not indicate that other relevant factors were examined and weighed, including whether the other two rebuttal witnesses should be allowed to testify in defendant's absence.

After defendant entered custody, he was no longer voluntarily absent. *See Cross v. United States.* The state then had the burden of demonstrating beyond a reasonable doubt that conducting the trial during defendant's absence would be harmless. *United States v. Toliver.* The state did not present any evidence on this issue and thus failed to meet its burden. *See Hovey v. State; State v. Okumura.* But see *United States v. Toliver.*

CONCLUSION

For the foregoing reasons, we hold that it was error for the trial court to proceed with the trial in defendant's absence. Accordingly, we reverse defendant's conviction and remand for a new trial.

IT IS SO ORDERED.

DONNELLY, C.J. and APODACA, J., concur.