UNITED STATES of America,
Plaintiff–Appellee,

v.

William Dwight DAANE, Defendant–
Appellant.

United States of America,
Plaintiff–Appellee,

v.

Tere Thompson Daane, Defendant–
Appellant.

United States of America,
Plaintiff–Appellee,

v.

Glenn Hurst Trent, Jr., Defendant–
Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

United States of America,
Plaintiff–Appellee,

v.

Richard Eric Miller, Defendant–
Appellant.

United States of America,
Plaintiff–Appellee,

v.

John William Arn, aka John Arn,
Defendant–Appellant.

Nos. 05–50282, 05–50283, 05–50295,
05–50309, 05–50346.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 7, 2006.

Filed Feb. 1, 2007.

See also, 475 F.3d 1114.

for Stephen M. Lathrop, Esq., Lathrop & Villa, Rolling Hills Estates, CA, Karen L. Landau, Esq., Oakland, CA, Defendant–Appellant.

Before: D.W. NELSON, RAWLINSON, and BEA, Circuit Judges.

## MEMORANDUM *

Appellants William Daane, Tere Daane, Glenn Trent, Richard Miller, and John Arn appeal their convictions for conspiracy and attempt to commit extortion.[1]

■ **1.** Because (a) appellants' *ex parte* application was a pretrial motion resulting in excludable time pursuant to the Speedy Trial Act, even though later declared moot; and (b) because appellant Arn's application for the modification of his pretrial release conditions also was a pretrial motion providing excludable time, no violation of the Speedy Trial Act occurred. *See United States v. Wirsing*, 867 F.2d 1227, 1230–31 (9th Cir.1989).

■ **2.** The district court's misreading of a single phrase in the conspiracy instruction did not constitute plain error, because the written instructions provided to the jury properly stated the requisite conspiracy elements and unanimity requirement. *See United States v. Ancheta*, 38 F.3d 1114, 1117 (9th Cir.1994).

Becky S. Walker, Esq., USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, Jerry A. Behnke, Esq., USR—Office of the U.S. Attorney, Riverside, CA, for Plaintiff–Appellee.

Donald W. MacPherson, Esq., The MacPherson Group, PC, Glendale, AZ, Jeff Dominic Price, Esq., Santa Monica, CA,

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The issue of whether the district court abused its discretion when it rejected appellants' "claim of right" jury instruction is addressed in an opinion filed contemporaneously with this memorandum disposition.

3. The district court properly rejected appellants' proffered factual impossibility instruction, as impossibility is not a defense to conspiracy or attempt. *See United States v. Rodriguez,* 360 F.3d 949, 957 (9th Cir.2004) (holding that impossibility is not a defense to attempts or conspiracy under the Hobbs Act).

4. The district court properly instructed the jury concerning the *mens rea* for extortion and the requisite interstate commerce element. *See Rodriguez,* 360 F.3d at 957; *see also United States v. Nelson,* 137 F.3d 1094, 1103 (9th Cir.1998) (upholding jury instructions under the Hobbs Act because "defendants need not have known or intended their actions to affect interstate commerce") (citation omitted).

5. The district court did not abuse its discretion in admitting into evidence the spreadsheet or offshore documents as they were probative of intent and motive. *See United States v. Whitman,* 771 F.2d 1348, 1351 (9th Cir.1985) (recognizing that "the [district] court has discretion to admit or deny motive evidence") (citation omitted).

6. The district court also properly admitted the spreadsheet and offshore documents into evidence, as there was sufficient proof that these documents were made by the party or a conspirator. *See United States v. Arteaga,* 117 F.3d 388, 395 n. 10 (9th Cir.1997); *see also United States v. Schmit,* 881 F.2d 608, 613 (9th Cir.1989). No conclusive proof that appellants viewed or possessed the spreadsheets was required. *See Schmit,* 881 F.2d at 613.

7. The district court did not abuse its discretion in admitting the firearms evidence because "the guns were probative of the intent to extort." *United States v. Gilley,* 836 F.2d 1206, 1214 (9th Cir.1988). Because the firearms evidence did not

"lure the factfinder into declaring guilt on a ground different from proof specific to the offense[s] charged," there was no unfair prejudice. *United States v. Gonzalez–Flores,* 418 F.3d 1093, 1098 (9th Cir.2005) (citation omitted).

8. There was neither a material variance nor a constructive amendment of the indictment because the government did not argue a set of facts distinctly different from those alleged in the indictment. *See United States v. Shipsey,* 363 F.3d 962, 974 (9th Cir.2004); *see also United States v. Fernandez,* 388 F.3d 1199, 1218 (9th Cir. 2004) (holding that "in the context of Hobbs Act prosecutions ... an indictment need not set forth facts alleging how interstate commerce was affected, nor otherwise state any theory of interstate impact") (citation omitted).

9. The evidence sufficiently demonstrated a direct or indirect *de minimis* effect on interstate commerce as required for a Hobbs Act conviction. *See United States v. Lynch,* 437 F.3d 902, 909 (9th Cir.2006) (en banc) (recognizing that "[ t]he interstate nexus requirement is satisfied by proof of a probable or potential impact on interstate commerce") (citation and internal quotation marks omitted).

10. There was sufficient evidence to prove appellant Miller's conviction for conspiracy to commit extortion in violation of the Hobbs Act. *See United States v. Si,* 343 F.3d 1116, 1123–24 (9th Cir.2003). Miller attended the planning meeting, accompanied the group to Pasadena, and agreed to assist Trent with Murdock.

11. Appellants' unsupported assertions concerning the district court's admonishments to the jury fail to demonstrate that there was any harm to appellants. *See United States v. Eskew,* 460 F.2d 1028, 1029 (9th Cir.1972).

12. Appellants' unsupported claims do not set forth the requisite elements for an equal protection violation. *See, e.g., United States v. Stokes,* 292 F.3d 964, 969 (9th Cir.2002), *as amended.*

13. "[C]umulative error analysis is inapposite to this case [because appellants] failed to demonstrate any erroneous decisions by the trial court." *United States v. Martinez–Martinez,* 369 F.3d 1076, 1090 (9th Cir.2004) (internal quotation marks omitted).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.