This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                                                   **NO. 32,579**

**JULIAN TAFOYA,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Charles C. Currier, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellant

Bennett J. Baur, Acting Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}     The State of New Mexico appeals from the amended judgment and sentence entered by the district court following our Supreme Court's decision in *State v. Tafoya*, 2012-NMSC-030, 285 P.3d 604.  [RP 252, DS 1]  In *Tafoya*, our Supreme Court vacated Defendant's convictions for first-degree murder and attempted first-degree murder and remanded for entry of judgment on the lesser-included offenses of second-degree murder and attempted second-degree murder.  2012-NMSC-030, ¶¶ 2, 3.  In this appeal, the State contends the district court erred by failing to include a firearm enhancement in Defendant's sentence for second-degree murder and by failing to include an habitual offender enhancement in Defendant's sentences for tampering with evidence and felon in possession of a firearm, which convictions were not affected by the Supreme Court's decision.  [DS 6]  We issued a notice proposing to summarily reverse and Defendant filed a memorandum in opposition.  We continue to believe that our proposed disposition was correct and thus reverse and remand.

**BACKGROUND**

{2}     Following a jury trial, Defendant was convicted of first-degree murder, attempted first-degree murder, and tampering with evidence. *Tafoya*, 2012-NMSC-030, ¶ 1.  The district court found Defendant guilty of an additional crime—felon in

2

possession—based on a special verdict form issued by the jury. *Id.* Defendant was sentenced to life imprisonment plus seventeen and one-half years. *Id.*

{3}     Defendant appealed to the New Mexico Supreme Court. He first argued that his conviction for first-degree murder (based on his act of shooting and killing Andrea Larez) should be reversed because shooting entirely within a motor vehicle is neither shooting "at" nor "from" a motor vehicle and therefore cannot serve as the predicate felony for a felony murder conviction. *Id.* ¶¶ 2, 6. He also argued that there was insufficient evidence of deliberation to support his conviction for attempted first-degree murder (based on his act of shooting and injuring Crystal Brady). *Id.* ¶¶ 3, 7. Our Supreme Court agreed with these two arguments and remanded to the district court to vacate Defendant's convictions for first-degree murder and attempted first-degree murder and enter judgment for second-degree murder and attempted second-degree murder. *Id.* ¶¶ 2-3, 64.

{4}     Upon remand, the State filed a resentencing memorandum in the district court. [RP 245] The State recommended that Defendant be sentenced to fifteen years imprisonment for second-degree murder, enhanced by three years pursuant to the firearm enhancement statute and by four years pursuant to the habitual offender enhancement statute. *See* NMSA 1978, § 31-18-16 (1993) (firearm enhancement); NMSA 1978, § 31-18-17 (2003) (habitual offender enhancement). [RP 247] The

3

State also recommended that Defendant be resentenced with respect to his convictions for tampering with evidence and felon in possession. Defendant's original sentence did not include an habitual offender enhancement and the State argued that a four-year enhancement was warranted. [RP 247] With respect to Defendant's conviction for second-degree murder, the district court sentenced Defendant to fifteen years imprisonment, enhanced by four years pursuant to the habitual offender statute. [RP 253] The district court did not impose a firearm enhancement. With respect to Defendant's convictions for tampering with evidence and felon in possession, the district court did not impose a habitual offender enhancement. [RP 254]

**DISCUSSION**

{5}     The State raises two issues on appeal. First, the State contends the district court erred by failing to enhance Defendant's sentence for second-degree murder pursuant to the firearm enhancement. [DS 6] Second, the State contends the district court erred by failing to enhance Defendant's sentences for tampering with evidence and felon in possession pursuant to the habitual offender enhancement. [DS 6] We review the district court's interpretation and application of the sentencing law de novo. *See State v. Brown*, 1999-NMSC-004, ¶ 8, 126 N.M. 642, 974 P.2d 136.

**A.     Firearm Enhancement**

**{6}** In our notice, we proposed to conclude that the district court erred in failing to include a one-year firearm enhancement in Defendant's sentence for second-degree murder. In his memorandum in opposition, Defendant contends the district court properly refused to enhance Defendant's sentence for second-degree murder because the jury did not find that the offense was committed with a firearm. [MIO 3, 9] Defendant argues that "[a] jury must find that a firearm was used in the commission of a specific felony in order for that specific felony to receive a firearm enhancement." [MIO 8]

**{7}** We agree with Defendant that a jury must find that a firearm was used in the commission of a specific felony in order to support a firearm enhancement. *See* NMSA 1978, § 31-18-16(A) (stating that a sentence "shall be increased by one year" when "a separate finding of fact by the court or the jury shows that a firearm was used in the commission of a noncapital felony"). However, we believe that, in finding Defendant guilty of first-degree murder, the jury made the requisite finding with respect to the murder of Andrea Larez.

**{8}** The jury was instructed that, to find Defendant guilty of first-degree felony murder, the State had to prove the following elements beyond a reasonable doubt:

1. [Defendant] committed the crime of shooting from a motor vehicle under circumstances or in a manner dangerous to human life;

5

2.   [Defendant] caused the death of Andrea Larez during the commission of shooting from a motor vehicle;

3.   Julian Tafoya intended to kill or knew the acts created a strong probability of death or great bodily harm;

4.   This happened in New Mexico on or about the 15th day of November, 2008.

[RP 105] The jury was instructed that, if it did not unanimously agree that Defendant was guilty of first-degree murder, it should consider whether Defendant was guilty of second-degree murder, also relating to the killing of Larez. [RP 108, 122] The jury was instructed that if it found Defendant guilty of second-degree murder, then it had to determine if the crime was committed using a firearm and complete a special verdict form. [RP 125]

{9}   The jury found Defendant guilty of first-degree murder. [RP 129] It did not complete the verdict form relating to second-degree murder. [RP 130] The jury did, however, complete the special verdict form relating to second-degree murder, indicating that it did not unanimously find beyond a reasonable doubt that a firearm was used in the commission of second-degree murder. [RP 137] We believe that the jury answered this special verdict form in the negative because it did not find Defendant guilty of second-degree murder. It is clear from the jury's verdict finding

6

Defendant guilty of first-degree murder that it found Defendant shot Larez, causing her death.

{10} In appealing from his conviction for felony first-degree murder, Defendant did not argue that he did not shoot and kill Larez, but instead argued that the manner in which he shot and killed Larez did not, as a matter of law, constitute felony first-degree murder. *Tafoya*, 2012-NMSC-030, ¶ 9. Our Supreme Court agreed, and explained that a new trial was not necessary because it "accept[ed] the jury's finding of the elements of second-degree murder within the felony murder instruction as a finding of guilt on second-degree murder." *Id.* ¶ 34. The Court thus concluded that "the record supports Defendant's conviction of second-degree murder beyond a reasonable doubt[.]" *Id.* Because the Supreme Court accepted the jury's finding that Defendant shot Larez and caused Larez's death, we believe the statutory prerequisite for the firearm enhancement has been met.

{11} Defendant relies on *State v. Alvarado*, 2012-NMCA-089, __ P.3d __, but this case does not support his position. In *Alvarado*, we reaffirmed the principle that the Sixth Amendment is violated any time a defendant is sentenced above what is authorized solely by the jury's verdict alone. *Id.* ¶ 13. This principle supports application of the firearm enhancement here, because the jury found that Defendant "committed the crime of shooting from a motor vehicle" and "caused the death of

Andrea Larez during the commission of shooting from a motor vehicle[.]" [RP 105] This finding authorizes the application of the firearm enhancement.

**B.      Habitual Offender Enhancement**

{12}      In our notice, we proposed to conclude that the district court erred in failing to include a four-year habitual offender enhancement in Defendant's sentences for tampering with evidence and felon in possession. In his memorandum in opposition, Defendant opposes our proposed summary reversal, but acknowledges that, pursuant to *State v. Freed*, 1996-NMCA-044, ¶ 8, 121 N.M. 569, 915 P.2d 325, the habitual offender enhancement "is mandatory if the prosecutor exercises discretion to pursue the enhancement."[1] [MIO 9] Here, the record reflects that the State sought to pursue the enhancement at resentencing, and we conclude the district court erred in failing to impose it on all counts. *See State v. Howard*, 1989-NMCA-029, ¶ 17, 108 N.M. 560, 775 P.2d 762 ("If a person with a prior felony conviction is convicted of multiple felonies, then there are several basic sentences. Thus, there may be multiple enhancements.").

**CONCLUSION**

---

[1] Defendant does not argue that the district court lacked authority to apply the enhancement because of the scope of the Supreme Court's remand and we thus do not consider the issue.

8

{13}     For the reasons stated above and in our earlier notice, we reverse and remand to the district court for the limited purpose of including a one-year firearm enhancement in Defendant's sentence for second-degree murder and a four-year firearm enhancement in Defendant's sentences for tampering with evidence and felon in possession.

{14}     **IT IS SO ORDERED.**

_____

**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Judge**

_____

**MICHAEL E. VIGIL, Judge**