This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          **NO. 29,903**

**JESSE GRAJEDA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Freddie J. Romero, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Law Works L.L.C.
John McCall
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

Defendant appeals his conviction for non-residential burglary. We proposed

to affirm in a calendar notice. Defendant has responded with a memorandum in opposition and a motion to amend the docketing statement. We have duly considered Defendant's arguments, but we are not persuaded by them. We deny the motion to amend the docketing statement and affirm Defendant's conviction.

**Motion to Amend**

Defendant asks to amend the docketing statement to include a claim that it was error for the district court to not instruct the jury on notice and unauthorized entry. **[MIO 10]** Because Defendant did not raise this issue below, he argues that the omission of an instruction on notice and unauthorized entry amounted to fundamental error.

The jury was instructed on the elements of burglary, requiring that the jury find that Defendant entered the market without authorization, and entered the market with the intent to commit a theft while inside the market. **[RP 61]** The jury was also instructed that, in addition to the other elements of burglary, the State was required to prove that Defendant acted intentionally in that he purposely did "an act which the law declares to be a crime, even though he may not know that his act is unlawful." **[RP 62]** The jury was informed that it could infer an intentional act from the surrounding circumstances, including the manner in which he acts, the means used, and conduct and statements of Defendant. **[Id.]**

2

Defendant argues that this was insufficient to instruct the jury on his "mental state as to the element of permission to enter" the market. **[MIO 19]** Defendant was served with a "no trespass" notice on June 24, 2004, providing that permission for Defendant to enter any Farmers Market was withdrawn. **[RP 19-20]** Defendant claimed that he had been into the market several times during 2008. On August 4, 2008, Defendant entered the market, hid $50 worth of meat in his pants, and left the market. Defendant claimed that, because he had been in the market several times during 2008, he believed that the "no trespass" notice was no longer in effect. Defendant also points out that store personnel testified that the "no trespass" policy was not regularly enforced. **[Id. 20]**

In *State v. Rubio*, 1999-NMCA-018, 126 N.M. 579, 973 P.2d 256 (filed 1998), we were also presented with the argument that the burglary instruction refers to "entry without permission" while the burglary statute refers to "unauthorized entry." In *Rubio*, the defendant claimed that he had a legal right to enter the structure in question, a claim that we ultimately decided as a question of law. *Id.* ¶¶ 8-9. We held that the idea of "permission" "captures most conduct that would contravene the statute," and we determined that, under the facts of the case it was not error to instruct on "entry without permission" and not on "unauthorized entry." *Id.* ¶¶ 7, 16. In this case, Defendant knew that he was denied permission to enter the market but, at the

3

time he entered the market and took the meat, he believed that he was allowed to enter the market. **[RP 137]**; *cf. State v. Tower*, 2002-NMCA-109, ¶ 5, 133 N.M. 32, 59 P.3d 1264 (holding that a defendant who entered a store after permission to enter had been revoked was unauthorized to enter the store as prohibited by the burglary statute). Defendant's testimony was presented to the jury, but the jury rejected Defendant's claim that he believed the "no trespass" notice was no longer in effect. The jury, as fact finder in the case, could disbelieve Defendant's claim. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (filed 1998). Based on our case law, the jury's fact finding role, and the circumstances of this case, the jury instructions were proper. We hold that the issue included in Defendant's motion to amend his docketing statement is not viable. *See State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989), *overruled on other grounds by State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991). Therefore, we deny the motion.

**Directed Verdict/Sufficiency of Evidence**

Defendant continues to claim that it was error to deny his motion for directed verdict and that the evidence was insufficient to support his conviction for burglary. As discussed in our calendar notice, a motion for directed verdict also challenges the sufficiency of the evidence. On review of the sufficiency of the evidence, we view the evidence in the light most favorable to a verdict of guilty while indulging all

4

reasonable inferences and resolving all conflicts in the evidence in favor of the guilty verdict. *See State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. The evidence presented at trial established that Defendant was denied permission to enter the market, and that he entered the market and placed meat into his pants before exiting several minutes later. This was sufficient to prove that Defendant committed the crime of non-residential burglary.

**Motion for New Trial**

Defendant continues to argue that it was an abuse of the district court's discretion to deny his motion for new trial. The motion for new trial was based on Defendant's claim that he was under the influence of heroin during trial. Defendant argues that the district court could not accurately assess his demeanor. In addition, in his memorandum in opposition, Defendant claims that he made statements while under the influence of heroin that had an effect on the jury. **[MIO 21-22]** This argument was not made in the district court and we will not address it on appeal. *See Rojo*, 1999-NMSC-001, ¶ 44 (explaining that, in order to preserve an issue for appeal, defendant must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon); *see also State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 (stating that the court will not search the record to find whether an issue was preserved).

5

The district court found that, based on the evidence, the credibility of the witnesses, Defendant's demeanor at trial, Defendant's responses to questions, and the district court's observations, Defendant was competent during trial and understood all that occurred at trial. **[RP 136-37]** The district court also found that, even if Defendant was under the influence of heroin during trial, he voluntarily absented himself from trial and his due process rights were not violated. **[Id.]** As explained in our calendar notice, the district court's observations of Defendant supported the conclusion that a new trial was not warranted for the reasons argued by Defendant. Furthermore, the district court could find that Defendant impliedly and voluntarily waived his presence based on his conduct. *See State v. Padilla*, 2002-NMSC-016, ¶ 14, 132 N.M. 247, 46 P.3d 1247. The district court did not abuse its discretion when it denied Defendant's motion for new trial. *See State v. Moreland*, 2008-NMSC-031, ¶ 10, 144 N.M. 192, 185 P.3d 363.

For the reasons discussed in this opinion and in our calendar notice we affirm Defendant's conviction.

**IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**CELIA FOY CASTILLO, Judge**

6

_____

**RODERICK T. KENNEDY, Judge**