This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                    **No. 32,717**

**DOMINIC MONTOYA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Fernando R. Macias, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Jacqueline R. Medina, Assistant Attorney General
Albuquerque, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

{1}      Following a jury trial, Defendant Dominic Montoya was convicted of battery upon a peace officer, a fourth degree felony, contrary to NMSA 1978, Section 30-22-24 (1971). Defendant appeals his conviction on two grounds. First, he argues that he was improperly excluded from critical proceedings, including voir dire of the jury panel. Second, he argues that he was prejudiced by an erroneous jury instruction. We reverse Defendant's conviction on the basis of his exclusion from voir dire; accordingly, we do not consider Defendant's second argument. We remand for a new trial consistent with this Opinion.

**BACKGROUND**

{2}      Because this is a memorandum opinion and the parties are familiar with the factual and procedural history of the case, we do not provide a discussion thereof. Factual and procedural details will be discussed, as required, in the body of this Opinion.

**DISCUSSION**

{3}      Defendant argues that his constitutional right to be present during the voir dire stage of the criminal proceedings against him was violated and that this deprivation requires reversal of his conviction and remand for a new trial. *See State v. Padilla*, 2002-NMSC-016, ¶ 11, 132 N.M. 247, 46 P.3d 1247 (recognizing that a defendant has a constitutional right to be present and to have the assistance of an attorney during the

jury selection). The State concedes that reversal and remand is warranted; and although we are not bound by the State's concession, we conclude that under the circumstance of this case, Defendant's conviction must be reversed. *See State v. Guerra*, 2012-NMSC-027, ¶ 9, 284 P.3d 1076 (stating that an appellate court is not bound by the prosecution's concession of an issue). Our review is de novo. *State v. Herrera*, 2014-NMCA-007, ¶ 4, 315 P.3d 343 (stating that constitutional issues are reviewed de novo).

{4}    A defendant may waive his right to be present during critical stages of the proceedings by either a "knowing, intelligent, and voluntary waiver" of his presence "or as an implied waiver when a defendant has forfeited his . . . right to presence by conduct." *Padilla*, 2002-NMSC-016, ¶ 14. It is incumbent upon the district court to ensure "that the waiver is valid[] and is predicated upon a meaningful decision of the accused[.]" *Id.* ¶ 19 (internal quotation marks and citation omitted). Thus, in the case of a knowing, intelligent, and voluntary waiver, the court must engage in "a sufficient colloquy" with the defendant, confirming that the defendant understands the nature of the right to be present, and the implications of the waiver. *Id.* ¶¶ 19-20. In a disruptive-behavior circumstance, a defendant can be excluded from the proceedings "if, following the judge's warning that he will be removed if his disruptive behavior

3

continues, he nevertheless insists upon such disruptive conduct." *State v. Corriz*, 1974-NMSC-043, ¶ 5, 86 N.M. 246, 522 P.2d 793.

{5}    In the present case, while Defendant was en route from the jail to the courthouse, the district court decided that Defendant should be excluded from the courtroom during voir dire. The court's decision in that regard was apparently based on Defendant's "tendency to be making comments, constantly" and on Defendant's counsel's acquiescence to the fact that Defendant had engaged in "disruptive behavior in the past[.]" It is clear from the transcript that the court's and counsel's discussion of Defendant's in-court demeanor was entirely premised on events occurring prior to the day of jury selection in the present case. When Defendant arrived at the courthouse, he was directed to a room from which he could observe and listen to the voir dire proceedings via television.

{6}    The court did not advise Defendant of his right to be present for voir dire or otherwise engage in a colloquy with him so as to confirm Defendant's waiver of his right to be present; nor was Defendant given a warning or an opportunity to behave appropriately before being excluded from the proceedings. *See Padilla*, 2002-NMSC-016, ¶ 14; *Corriz*, 1974-NMSC-043, ¶ 5. Thus, Defendant did not knowingly, intelligently, or voluntarily waive his right to be present during voir dire, nor did Defendant forfeit that right by virtue of his behavior. We conclude that, under these

4

circumstances, Defendant's constitutional right to be present during voir dire was violated. This violation does not warrant automatic reversal; we must consider further whether the error was harmless. *See Padilla*, 2002-NMSC-016, ¶ 22.

{7}     Constitutional error is harmless only if there is no reasonable possibility that the error contributed to the defendant's conviction. *State v. Tollardo*, 2012-NMSC-008, ¶ 45, 275 P.3d 110. The State bears the burden of demonstrating that the error was harmless. *Id.* ¶ 46. Here, the State concedes that the error was not harmless and therefore does not attempt to demonstrate otherwise. Accordingly, we conclude that the error was not harmless.

{8}     In sum, we conclude that Defendant was deprived of his constitutional right to be present during voir dire. The error was not harmless. Under these circumstances, reversal of Defendant's conviction is warranted. *See Padilla*, 2002-NMSC-016, ¶ 23 (reversing the defendant's conviction for a non-harmless constitutional error related to the defendant's right to be present at jury selection).

**CONCLUSION**

{9}     For the foregoing reasons, we reverse Defendant's conviction and remand for a new trial.

{10}     **IT IS SO ORDERED.**

_____

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Judge**

_____

**MICHAEL E. VIGIL, Judge**