This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                        **NO. 32,850**

**GILBERT CASTILLO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Mark Terrence Sanchez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Ralph E. Trujillo, Assistant Attorney General
Albuquerque, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Nicole S. Murray, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1} Gilbert Castillo (Defendant) appeals from his conviction for aggravated driving while intoxicated (refusal) under NMSA 1978, § 66-8-102 (2010) (fourth offense). He contends that (1) there was insufficient evidence to support his conviction; (2) the district court improperly shifted the burden from the State to Defendant; and (3) he received ineffective assistance from counsel. After due consideration of Defendant's arguments, we affirm.

**DISCUSSION**

**I.    Sufficient Evidence Exists to Uphold the Conviction**

{2} Defendant claims that the evidence at trial was insufficient to sustain a guilty verdict beyond a reasonable doubt. We disagree.

{3} Our standard of review does not permit us to reweigh the evidence. It requires that we interpret the evidence in the light most favorable to the verdict, determining whether substantial evidence exists to support a guilty verdict for each element of the crime. *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314. In reviewing for substantial evidence, which may include direct and circumstantial evidence, "[w]e determine whether a rational factfinder could have found that each element of the crime was established beyond a reasonable doubt." *State v. Kent*, 2006-NMCA-134, ¶ 10, 140 N.M. 606, 145 P.3d 86.

**{4}** There are four elements to the charge of aggravated driving while intoxicated (refusal). First, the defendant must have been driving; second, this must have occurred within the State of New Mexico; third, he must have refused to submit to chemical testing; fourth, he must have been intoxicated in the judgment of the court, based on other available evidence of impairment. Section 66-8-102; UJI 14-4508 NMRA. The district court determined that all these elements had been satisfied beyond a reasonable doubt.

**{5}** Viewing the facts in the light most favorable to the conviction, substantial evidence supports the verdict. Neither side contests that Defendant was in Lea County, New Mexico, on or about September 21, 2011. Defendant does argue that the first element, which requires that he drove or actually physically possessed a vehicle with the intent to drive it, was never demonstrated beyond a reasonable doubt. He contends that Rupchandra Singhi's eyewitness identification of him at trial stemmed from suggestive questioning and was thus inadequate. However, Mr. Singhi testified that he recognized Defendant as a person who had stayed at his motel and he positively identified him in court. Though the record fails to preserve the physical gestures of the witness toward Defendant, sufficient verbal guideposts exist that, in conjunction with the court's explicit agreement that the record should reflect Mr. Singhi did indeed identify Defendant, the witness's testimony is clear. This identification renders

Defendant's arguments regarding actual physical possession moot, as Mr. Singhi stated that he had seen Defendant operating a vehicle shortly before his arrest. The district court reasonably believed in the veracity of the witness's testimony and in-court identification, and we defer to that credibility assessment. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482.

{6}     Similarly, as to the third and fourth elements of the offense, Officer Herrera testified that Defendant had the appearance, comportment, and odor of an intoxicated person, that he admitted to imbibing an unknown quantity of alcohol, that he could not complete sobriety tests, and that he subsequently refused to provide either a blood or breath sample of testing. On the basis of that testimony, the court could reasonably conclude that these elements—that Defendant refused to submit to chemical testing and that he was, in the court's judgment, intoxicated at the time—had been proven beyond a reasonable doubt. There is thus sufficient evidence to uphold the conviction. *See State v. Sparks*, 1985-NMCA-004, ¶¶ 6-7, 102 N.M. 317, 694 P.2d 1382 (defining substantial evidence as that which a reasonable person would consider adequate to support conviction).

**II.     The District Court Did Not Improperly Shift the Burden**

{7}     Defendant argues that a less deferential standard of review is warranted because the district court improperly shifted the burden of proof from the State to him. This

assertion of burden-shifting is based on a portion of the district court's decision, which reads: "There is no credible evidence that the motor vehicle was operated by someone other than the defendant from the time that he was first observed by [Mr.] Singhi until he was interviewed by [Officer] Herrera[.]" This does not amount to burden-shifting. A finder of fact is qualified to make determinations as to credibility of the witnesses, and in this case the district court did not find Defendant's version of events to be credible. *See State v. Ryan*, 2006-NMCA-044, ¶ 20, 139 N.M. 354, 132 P.3d 1040 (concluding that fact finders may weigh evidence and judge witness credibility). Juxtaposing Defendant's lack of "credible evidence" with the testimony it deemed to be reliable, (that of the witness Mr. Singhi and Officer Herrera), the district court merely stated that these are credibility determinations within its purview. In so doing, the court did not shift the burden of proof.

**III.    Defendant Has Not Established Grounds for an Ineffective Assistance of Counsel Claim**

{8}    Defendant asserts that he did not receive effective assistance of counsel in two critical stages: first, when he waived a jury trial in favor of a bench trial; and second, when his attorney failed to object to allegedly leading questions during a witness's in-court identification of him. Defendant has the burden of demonstrating that his counsel was deficient and that such deficiency actually prejudiced him. *State v. Hester*, 1999-NMSC-020, ¶ 9, 127 N.M. 218, 979 P.2d 729. In meeting this burden,

he must overcome the presumption that counsel performed competently. *State v. Jacobs*, 2000-NMSC-026, ¶ 48, 129 N.M. 448, 10 P.3d 127.

{9}     In light of Defendant's burden, he has not established a prima facie case for ineffective assistance of counsel, and the portion of his claim that would require review of off-record conversations between himself and his lawyer cannot be reviewed on direct appeal. In cases when a defendant fails to establish a prima facie case for ineffective assistance of counsel, or review of his claim requires exploration of matters outside the record, a habeas corpus proceeding is the preferred method over remand. *State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 ("This Court has expressed its preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel."); *State v. Bahney*, 2012-NMCA-039, ¶ 49, 274 P.3d 134 ("While we are willing to review matters of record for prima facie evidence of ineffective assistance of counsel, we will not afford the same benefit to arguments based on matters outside the trial record.").

**A.     The Decision to Waive a Jury Trial**

{10}     The record contains no evidence to suggest that Defendant received ineffective assistance in his decision to waive a jury trial. He argues that his counsel committed unprofessional errors in permitting Defendant to make his waiver without a full formal

6

colloquy, noting that "a knowing and voluntary waiver cannot be inferred from a silent record." *State v. Padilla*, 2002-NMSC-016, ¶ 19, 132 N.M. 247, 46 P.3d 1247. Yet in this case the record is far from silent. The court asked defense counsel, in Defendant's presence, whether he preferred a bench trial; after apparently consulting with his client, defense counsel informed the court that Defendant was "comfortable with a bench trial." Both counsel formally stipulated to a bench trial, a stipulation that they again affirmed on the record at trial. The court specifically inquired whether the Defendant agreed with this decision, and he personally stated that he was willing to proceed with the bench trial.

{11}     Our law values substance over form in jury trial waivers, and such waivers need not be in writing nor must the defendant be advised of his rights on the record. *State v. Ciarlotta*, 1990-NMCA-050, ¶ 10, 110 N.M. 197, 793 P.2d 1350. As elucidated above, the evidence contained within the record suggests that Defendant did knowingly and voluntarily waive his right to a jury trial in favor of a bench trial. To the extent that Defendant intends to argue that there is evidence not of record that undermines that conclusion, he cannot rely on such evidence in this appeal. *Martinez*, 1996-NMCA-109, ¶ 25.

**B.     Failure to Object to the In-Court Identification**

7

**{12}**     Defendant argues that defense counsel acted incompetently in failing to object to the court's questioning of the eyewitness, Mr. Singhi, which he claims was conducted with leading questions and therefore "shaky" and "suggestive." Objections, however, are matters of trial tactics and strategy. Failure to make a particular objection does not establish incompetence. *State v. Peters*, 1997-NMCA-084, ¶ 40, 123 N.M. 667, 944 P.2d 896.

**{13}**     In addition, a leading question is one that "suggests the answer to the person being interrogated." *Black's Law Dictionary* 969 (9th ed. 2009). The line of questioning to which Defendant refers contains no such improprieties. The court instructed Mr. Singhi to step down from the witness stand and identify the person he had seen driving the vehicle, then asked, "So where is he? If he's here at all." After the witness responded ambiguously again, the court asked whether the person being identified was wearing a tie; Mr. Singhi responded that he was not. Though the latter question required a yes or no response, it did not suggest Defendant as the correct individual to identify and was thus not a leading question. Furthermore, even if the questions were leading, the district court traditionally exercises discretion over the mode of interrogation, and a reasonable attorney may not have considered it beneficial to challenge the district court in circumstances where a language barrier already threatened to cause confusion and lack of clarity. *See Jojola v. Baldridge Lumber Co.*,

1981-NMCA-106, ¶ 13, 96 N.M. 761, 635 P.2d 316 (stating that Fed. R. Evid. 611(c) establishes that permitting interrogation with leading questions is "wholly within the district court's discretion"). In failing to object to these questions, defense counsel did not act incompetently.

**{14}** Finally, Defendant has not shown that his attorney's failure to object, if deficient, prejudiced him. The record does not suggest that the identification would not have occurred had defense counsel objected to the leading questions. On the contrary, the witness had previously stated that the person he saw driving was in the courtroom and that he was able to recognize him. Due to the apparent language barrier, the district court assumed questioning of the witness to obtain the information more clearly and quickly. Defendant has not demonstrated that, even if an objection had been made and sustained, the district court or prosecution would have been unable to rephrase the questions and elicit the same identifying information; therefore, he has not established prejudice.

**CONCLUSION**

**{15}** For the foregoing reasons, we affirm.

**{16}** **IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

9

_____

**MICHAEL D. BUSTAMANTE, Judge**


_____

**CYNTHIA A. FRY, Judge**