This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. **No. A-1-CA-37757**

**DANIEL RODRIGUEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
C. David Henderson, Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Defendant appeals his convictions for aggravated burglary, child abuse (two counts), aggravated assault with a deadly weapon (two counts), aggravated battery, and assault. We issued a notice of proposed summary disposition, proposing to uphold the convictions. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}** Defendant has raised one issue, contending that the district court erred in allowing the second day of trial to proceed in his absence. [Unnumbered DS 4; MIO 1-13] He continues to assert that he should not have been deemed to have voluntarily absented himself. [MIO 1-13] *See* Rule 5-612(C)(1) NMRA (providing that a defendant's

voluntary absence, after the commencement of trial, does not prevent the trial from proceeding).

**{3}** As we observed in the notice of proposed summary disposition, [CN 3-4] the record before us is quite limited. However, it does provide relevant insight. As we previously explained, [CN 2] Defendant's conduct in the course of the pretrial proceedings caused repeated and significant delays. When Defendant failed to appear yet again on the second day of trial, his attorney asserted that Defendant had informed him that there had been a medical emergency involving an allergic reaction, and that he needed an "hour or two." [RP 278] The prosecutor commented vaguely upon Defendant's credibility, and requested that they delay no longer than an hour. [RP 278] That request was granted. [RP 278] When Defendant had not appeared an hour later, defense counsel did not request any further continuance; he simply explained that he did not plan to call Defendant as a witness. [RP 278] Thereupon, the district court indicated that it would proceed in Defendant's absence. [RP 278] Over the course of the next hour a motion for directed verdict and the jury instructions were addressed. [RP 278-80] Defense counsel then informed the court that Defendant had communicated that he would be arriving imminently. [RP 281] The district court gave defense counsel the opportunity to look for him, without success. [RP 281] The district court commented on Defendant's continuing absence, notwithstanding the repeated assurances that he would be arriving, and observed that he had no right to absent himself. [RP 281] Closing arguments ensued. [RP 281-83] Ultimately, Defendant showed up approximately two and one-half hours late. [RP 283] He did not move for a mistrial, or request any other form of relief, and he made no proffer to the district court, apart from counsel's suggestion that Defendant had "pictures on [his] phone," and his rhetorical observation that "life happens." [RP 283]

**{4}** Under the circumstances presented in this case, and given the available information, the district court reasonably determined that Defendant had voluntarily absented himself. *See State v. Snedekar*, 1982-NMSC-085, ¶ 25, 99 N.M. 286, 657 P.2d 613 ("A reasonable inference is a . . . rational and logical deduction from facts admitted and established by the evidence, when those facts are viewed in the light of common experience." (internal quotation marks and citation omitted)); *cf. Lopez v. LeMaster*, 2003-NMSC-003, ¶ 32, 133 N.M. 59, 61 P.3d 185 (observing that the district courts may "take judicial notice of its own records"). Although Defendant continues to contend otherwise, his unsubstantiated assertions supply no basis for relief on appeal. *See State v. Hall*, 2013-NMSC-001, ¶ 28, 294 P.3d 1235 ("It is not our practice to rely on assertions of counsel unaccompanied by support in the record. The mere assertions and arguments of counsel are not evidence." (internal quotation marks and citation omitted)).

**{5}** We understand Defendant to contend that the district court should not have determined that Defendant had voluntarily absented himself without more formally investigating the facts. [MIO 2, 4, 10-12] However, we are aware of no authority which would have required the district court to embark on this sua sponte, and as previously noted, defense counsel made no such request. We presume that this was a reasoned

decision. *See State v. Ortega*, 2014-NMSC-017, ¶ 56, 327 P.3d 1076 (observing that, on a limited record, "[w]e can safely presume that defense counsel was [duly] apprised . . . and made a tactical decision").

**{6}** We further reject the suggested analogy to authority addressing Defendant's absence at the commencement of trial proceedings and express waivers. [MIO 2-3, 11] *See State v. Padilla*, 2002-NMSC-016, ¶ 10, 132 N.M. 247, 46 P.3d 1247. Defendant was initially present, and he did not execute a waiver. He simply failed to appear on the morning of the second day of trial. Waiver may be inferred from such conduct. *See id.* ¶ 8 (indicating that waiver may be inferred from the voluntary absence of a defendant after trial has begun).

**{7}** Finally, we understand Defendant to suggest that his due process rights were violated, insofar as he was denied the opportunity to testify in his own defense. [MIO 1, 5, 7-8, 12-13] Again, however, the record supplies no support for this assertion. To the contrary, defense counsel indicated that he did not intend to call Defendant. [RP 278] We therefore reject the premise.

**{8}** Accordingly, for the reasons stated above and in our notice of proposed summary disposition, we affirm.

**{9}** **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**JENNIFER A. ATTREP, Judge**

**ZACHARY A. IVES, Judge**